UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**WILLIAM FREDERICK HILL,**

       **Petitioner,**

v.                                                                Case No:  5:12-cv-57-Oc-10PRL

**WARDEN, FCC COLEMAN - MEDIUM,**

       **Respondent.**
_____/

## OPINION AND ORDER

This case is before the Court upon review of William Frederick Hill's ("Petitioner's") habeas corpus petition filed pursuant to 28 U.S.C. § 2241 (Doc. 1).  Petitioner is an inmate currently confined at the Federal Correctional Institution in Coleman, Florida.  He brings this action to challenge the sentence imposed by the United States District Court for the Southern District of Florida for one count of possession with intent to distribute five grams or more of cocaine base (SDFL Case No. 1:07-cr-20673).

Petitioner argues that the enhanced sentence he received under § 4B1.2 of the United States Sentencing Guidelines ("U.S.S.G.") is unconstitutional in light of the United States Supreme Court's holding in *Johnson v. United States*, 559 U.S. 133 (2010) (Doc. 1 at 3).  Specifically, Petitioner argues that his Florida convictions for battery on a law enforcement officer and/or resisting an officer with violence are no longer considered crimes of violence for sentence enhancement purposes. *Id.*  Petitioner states that this argument was foreclosed by circuit precedent at the time he filed his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his underlying sentence. *Id.*

Respondent argues that Petitioner cannot bring this claim in a 28 U.S.C. § 2241 petition because this Court lacks jurisdiction to grant relief (Doc. 5 at 5). Respondent also argues that this Court is not required to consider the petition because the court of conviction has already denied Petitioner relief on this identical argument. *Id.*

After reviewing the pleadings filed in this case, the Court dismisses the petition as an improper filing under 28 U.S.C. § 2241.

**I.     Background**

In 2007, Petitioner was charged by indictment with three counts of distribution of cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and one count of possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) (Doc. 5-1 at # 9).[1] Petitioner pleaded guilty to one count of possession with intent to distribute five or more grams of cocaine base, and the government dismissed the remaining counts at sentencing. *Id.* at # 18. Petitioner was sentenced as a career offender under U.S.S.G. § 4B1.1(b) to a term of 188 months in prison and four years of supervised release. *Id.* Petitioner's sentence was upheld on appeal. *Id.* at # 41; *United States v. Hill*, 308 F. App'x 440 (11th Cir. 2009).

On April 23, 2011, Petitioner filed a 28 U.S.C. § 2255 motion to vacate in his court of conviction (Doc. 5-3). Petitioner raised two claims in the § 2255 motion, including the identical *Johnson*-based argument raised in the instant petition (Doc. 5-3). The United States District Court of the Southern District of Florida reviewed the merits of Petitioner's claims and determined that he was not entitled to relief (Doc. 5-4).

Petitioner filed the instant motion on January 26, 2012 (Doc. 1).

---

[1] Document 5-1 is attached to Petitioner's response and contains the docket entries for Petitioner's underlying criminal case, SDFL Case No. 1:07-cr-20673.

**II.     Analysis**

Petitioner has styled this action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, which provides a means for a prisoner to challenge the execution of his sentence.  Here, however, Petitioner challenges the validity of his sentence because he claims that it was improperly enhanced.  Ordinarily, an action in which an individual seeks to collaterally attack his conviction or sentence should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255(a); *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003).  However, because Petitioner's previous § 2255 motion was denied by the court that imposed his sentence, Petitioner may not file another § 2255 motion without first receiving permission from the appropriate United States Court of Appeals, which Petitioner has failed to do. 28 U.S.C. § 2255(h); *Darby v. Hawk–Sawyer*, 405 F.3d 942, 945 (11th Cir. 2005) ("[w]hen a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission . . . before filing a successive § 2255 motion").

Because Petitioner is barred from filing another § 2255 motion, he filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241.  Although 28 U.S.C. § 2255(e) expressly limits the circumstances under which a § 2241 motion may be filed, Petitioner asserts that he properly filed this motion under § 2241 because this claim "was foreclosed by circuit precedent at the time when [he] was permitted under the AEDPA to file a 28 U.S.C. § 2255 motion to vacate, set aside, or correct [his] underlying sentence." (Doc. 1 at 3).

### a. The savings clause provision of 28 U.S.C. § 2255(e) has limited application to sentencing claims

Under § 2255(e)'s savings clause, a prisoner may file a § 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention. Specifically, § 2255(e) provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, ***unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.***

28 U.S.C. § 2255(e) (emphasis added).

Where, as here, a petitioner challenges only a "fundamental defect in sentencing," he must show the following before he may invoke § 2255(e)'s saving clause: (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, his claim was squarely foreclosed by circuit precedent; (2) subsequent to his first § 2255 proceeding, a Supreme Court decision overturned circuit precedent; (3) the new rule announced by the Supreme Court is retroactively applicable to cases on collateral review; and (4) his enhanced sentence exceeds the authorized statutory maximum penalty for his offense. *Bryant v. Warden, FCC Coleman*, 738 F.3d 1253, 1274 (11th Cir. 2013) (synthesizing the savings clause tests discussed in *Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1999); *Gilbert v. United States*, 640 F.3d 1293 (11th Cir. 2011); and *Williams v. Warden, Federal Bureau of Prisons*, 713 F.3d 1332, 1343 (11th Cir. 2013)). This threshold showing is a jurisdictional requirement, and where it is absent, federal courts lack authority to consider the merits of a petitioner's § 2241 claims. *Williams*, 713 F.3d at 1338; *Daniels v. Warden, FCC Coleman*, 538 F. App'x 850 (11th Cir. 2013) ("[A] petitioner may not argue the merits

4

of his claim until he has 'open[ed] the portal' to a § 2241 proceeding by demonstrating that the savings clause applies to his claim.").

### b. This Court lacks jurisdiction to consider Petitioner's claim

Applying the *Bryant* factors to Petitioner's claim, this Court concludes that Petitioner has not met the threshold requirements for opening a portal to § 2241 review. Specifically, Petitioner had the opportunity to raise this claim in an earlier proceeding. In addition, Petitioner was not sentenced in excess of the statutory maximum for the crime of which he was convicted.

#### 1. This claim was not foreclosed by circuit precedent during Petitioner's 28 U.S.C. § 2255 motion

*Johnson v. United States*, the Supreme Court case relied upon by Petitioner, was decided on March 2, 2010. *Johnson*, 559 U.S. at 133. Petitioner filed his 28 U.S.C. § 2255 motion to vacate on May 5, 2011, more than a year after the *Johnson* opinion. Accordingly, Petitioner was not foreclosed from raising this argument in his first § 2255 motion. Indeed, Petitioner did raise this identical claim in his § 2255 motion, and the sentencing court denied the claim on the merits (Doc. 5-4). Specifically, the court recognized that *Johnson* did not preclude it from using a modified categorical approach to conclude that Petitioner's conviction for battery on a law enforcement officer was a crime of violence (Doc. 5-4 at 10). The court determined that Petitioner's battery on a law enforcement officer did not involve the "slight intentional touching" that was of concern in *Johnson*; rather, the battery involved force capable of causing physical pain or injury to another person and was therefore, "a career offender predicate offense and [Petitioner's] designation as a career offender was proper." *Id.* at 10-11.

Because this claim was not foreclosed at the time of Petitioner's § 2255 motion, and indeed, was raised in that motion and considered on the merits by the sentencing court, the savings clause is not satisfied so as to permit Petitioner to seek relief outside the court of conviction in a § 2241 petition. *Bryant*, 738 F.3d at 1274; *see also* 28 U.S.C. § 2244 (holding that a district court is not required to entertain an application for a writ of habeas corpus if the legality of the petitioner's detention has already been determined by a judge or court of the United States in a prior application for a writ of habeas corpus).

### 2. Petitioner was not sentenced in excess of the statutory maximum sentence for his crime of conviction

In *Gilbert v. United States*, the Eleventh Circuit defined the "statutory maximum sentence" as the "punishment ceiling beyond which no defendant convicted for committing that particular crime may be sentenced regardless of the circumstances of the crime, regardless of the defendant's history, and regardless of the sentencing guidelines." 640 F.3d at 1306. Petitioner pleaded guilty to the offense of distribution of 42.3 grams or more of cocaine base and 6.2 grams of cocaine in violation of 21 U.S.C. § 841(a)(1) (Doc. 5-4 at 2). Petitioner was subject to a statutory sentence of between five and forty years pursuant to 21 U.S.C. § 841(b)(1)(B)(iii).

Because Petitioner received a sentence of 188 months for his conviction under § 841(a)(1), he was not sentenced in excess of the forty-year statutory maximum and cannot bring this claim under the savings clause. *See Gilbert*, 640 F.3d at 1323 ("[T]he savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim . . . that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum."

### III. Conclusion

Because Petitioner was neither sentenced in excess of the statutory maximum nor precluded from raising this claim in his 28 U.S.C. § 2255 motion, Petitioner cannot bring this claim under the savings clause because this Court lacks jurisdiction to consider it.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The 28 U.S.C. § 2241 (Doc. 1) petition filed by William Frederick Hill is **DISMISSED** as an improper filing under § 2241; and

2. The Clerk is directed to enter judgment against Hill terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Ocala, Florida this 24th day of March, 2014.

_____
UNITED STATES DISTRICT JUDGE

SA:    OrlP-4  3/24/14
Copies to: William Frederick Hill
Counsel of record
Maurya A. McSheehy